UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE LIGHTING & ENERGY SOLUTIONS, INC., et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>SUNBELT RENTALS, INC.,<br><br>        Defendant. | Case No. 16-cv-01080-VC<br><br>**ORDER GRANTING MOTION TO SEVER AND TRANSFERRING CASES**<br><br>Re: Dkt. No. 34 |

The motion to sever Progressive Lighting's claims from In & Out Welders' claims is granted. Even assuming that joinder of those two plaintiffs would be permissible (on the theory that their separate equipment rentals using Sunbelt Rentals' same form contract constitutes a single "series of transactions or occurrences," Fed. R. Civ. P. 20(a)(1)(A)), the Court has "broad discretion . . . to make a decision granting severance." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). The factors relevant to this case, *see, e.g.*, *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980), weigh in favor of exercising that discretion here. In & Out Welders is a late addition to this litigation, and it has no discernible connection to Progressive Lighting or to this forum. Though In & Out and Progressive Lighting (like many other consumers) both did business with Sunbelt Rentals, they did so in different markets on opposite sides of the country. The legal issues that Progressive and In & Out raise are unlikely to overlap substantially: because Progressive's contract-based claims are likely time-barred, Progressive will probably only be able to proceed on one or more of its California statutory claims, which In & Out doesn't (and can't) assert. In the same vein, severing these two plaintiffs will allow Progressive Lighting (which is based in California) to keep its California

state-law claims in California, while allowing In & Out (based in Alabama) and Sunbelt (based in South Carolina) to litigate their dispute (which is governed by South Carolina law) in a more convenient forum.  Moreover, given that Progressive Lighting and In & Out have no real connection to each other, and that In & Out has no real connection to California, it's hard to see how Progressive Lighting or In & Out could be prejudiced by severance.

The parties agree that, in the event of severance, it is appropriate to transfer In & Out's case to the Southern District of Florida.  In & Out did business with Sunbelt in the Southern District of Florida, and southern Florida is a relatively convenient location given that the parties and witnesses are located or likely to be located in the southeastern United States.  Additionally, it may be possible for this case to be related to or consolidated with a similar state-court action pending in southern Florida, in which In & Out's lawyers are also counsel of record, and which the parties now expect to be removed to federal court.

The parties also agree that, in the event of severance, Progressive Lighting's case should be transferred to the Central District of California.  Progressive Lighting's corporate headquarters is or was in the Central District, and the vast majority of Progressive Lighting's business with Sunbelt appears to have occurred in that district (while there is no indication that any of its business with Sunbelt occurred here during the class period occurred).

Accordingly, the Clerk is directed to sever In & Out Welders' claims from Progressive Lighting's claims, to transfer In & Out Welder's claims to the U.S. District Court for the Southern District of Florida, and to transfer Progressive Lighting's case to the U.S. District Court for the Central District of California.

**IT IS SO ORDERED.**

Dated: August 2, 2016

_____
VINCE CHHABRIA
United States District Judge

2